IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRUCE SIEGEL, et al.,              )
                                   )
                Plaintiffs,        )
                                   )
      v.                           )      No.  10 C 541
                                   )
RONALD BRAVER, etc.,               )
                                   )
                Defendants.        )

## MEMORANDUM OPINION AND ORDER

Bruce Siegel ("Bruce") and his wife Barbara (collectively
"Siegels") have sued Ron Braver a/k/a Ronald Braver ("Braver")
and Third Coast Mortgage, LLC, asserting federal claims under the
Truth in Lending Act ("TILA") and the Real Estate Settlement
Protections Act ("RESPA") and annexing a number of state law
claims under the supplemental jurisdiction provisions of 28
U.S.C. §1367.  Defendants have filed a motion to dismiss the
Complaint and this action, with Siegels having filed their
opposition to such dismissal.  Each side has tendered a
supporting memorandum and, at this Court's request, has also
supplied some citations to supplemental authorities.

Because Siegels' Complaint must be credited for purposes of
the present motion, this Court accepts their claim that mortgage
broker Braver occupied a fiduciary relationship in obtaining a
refinancing loan for them in August 2005--a function that he had
performed for them once before.  According to Siegels--again via
allegations that are accepted for present purposes--Braver

deceived them in several respects, and he thereafter did not respond to repeated requests by Bruce to be given an explanation of that refinancing transaction. Because the parties agree that both TILA and RESPA have one year statutes of limitations and because Siegels did not file suit until January 26, 2010, the question for resolution by this Court is whether a time arrived earlier than January 26, 2009 that started the limitations clock ticking.

In that respect Complaint ¶¶35-37 allege:

> 35. Following the closing for the August 2005 loan, Plaintiff Bruce Siegel continually and diligently requested Defendant Ron Braver to educate him on the terms of his loan.

> 36. After Defendant Ron Braver continued to ignore his requests for assistance to get out from underneath the August 2005 loan, Plaintiff Bruce Siegel discovered in September 2007 that his August 2005 loan contained a prepayment penalty.

> 37. The prepayment penalty clause contained in Plaintiffs' August 2005 loan was contrary to Plaintiffs' request and understanding of the loan that they were provided by Defendants.

Then Complaint ¶¶41-42 alleged that two more years then passed before Siegels became aware (in some unexplained way) of the terms and conditions of the loan that they had obtained fully four years before that asserted time of awareness:

> 41. From August 2005 through October 2009, Plaintiffs were unaware of the terms and conditions of the 2005 loan provided to him by Defendants.

> 42. Ultimately, in or about October 2009, Plaintiffs discovered that their rights pursuant to

2

Federal and Illinois law were violated.

To be totally blunt, Siegels have succeeded in pleading themselves out of court. Among the other citations that they have supplied, defendants have adverted to <u>Hupp v. Gray</u>, 500 F.2d 993, 996-97 (7th Cir. 1974)(footnotes omitted):

> Even a wholly unsophisticated investor should have realized in March 1967--when the market price had fallen to $17.50 rather than rising to $75--the existence of facts sufficient to precipitate into his consciousness a geographical paraphrase of the somewhat hackneyed remark of Marcellus to Horatio. The sharp fall in the market price was not a concealed fact but, rather, was clearly and painfully revealed to the plaintiff. At the very least, these circumstances should have aroused suspicion or curiosity on the part of plaintiff.

Despite the age of the case, its principle remains intact and is fatal to Siegels' action.

To the extent that any reader fails to catch Judge Pell's literary reference--if this Court may be pardoned a bad pun, if anyone were to find that reference less than pellucid--it obviously adverts to the well-worn "something is rotten in the state of Denmark." Just so here. Even if Bruce can claim that his somnolence for a full two years after the loan closing was somehow justified despite Braver's asserted nonresponse to his constant and repeated requests for explanation (Complaint ¶35), by September 2007 Bruce had learned that the loan documents did not conform to his understanding in an important respect--the existence of a prepayment penalty clause (<u>id</u>. ¶¶36-37).

3

There is no question that someone's claimed reliance on representations--even those made by a fiduciary--must be reasonable before any claim of equitable estoppel or equitable tolling of the type that Siegels seek to advance can be upheld. That plainly ceased to be the case well before January 2009.

Accordingly the Complaint's federally-based claims are barred by limitations. With no federal claims thus remaining to provide an anchor for Siegels' state law claims, and with this action having progressed no farther than the threshold stage, conventional wisdom teaches that those state law claims should be dismissed <u>without</u> prejudice (see, e.g., <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) and the host of cases following its seminal teaching). Hence this action is dismissed in its entirety.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 11, 2010