```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

BRUCE SIEGEL, et al.,             )
                                  )
           Plaintiffs,            )
                                  )
     v.                           )    No. 10 C 541
                                  )
RONALD BRAVER, etc.,              )
                                  )
           Defendants.            )

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

On May 11, 2010 this Court issued its memorandum opinion and order ("Opinion") that dismissed this action because its federally-based claims were barred by limitations. Since then this Court has received the May 4 issue of United States Law Week (Vol. 78, No. 41), and this supplement to the Opinion is issued in light of the Supreme Court's April 27 decision, reported there, in Merck & Co. v. Reynolds, 78 U.S.L.W. 4319.

Merck dealt with the applicability of the "discovery rule" in 28 U.S.C. §1658(b), a provision that prescribes the statute of limitations in fraud and like actions under the federal securities laws. In the course of Justice Breyer's opinion for the Court, he looked at that "discovery" concept not only in such securities cases but also in other contexts (whether or not they involve fraud or related concepts), and he found that the caselaw regularly demands reasonable diligence on the part of the plaintiff in determining the kickoff date for the commencement of the limitations period.

Here is <u>Merck</u>, 78 U.S.L.W. at 4323 (emphasis in original, numerous case citations other than those emanating from the Supreme Court itself and the Seventh Circuit omitted):

> More recently, both state and federal courts have applied forms of the "discovery rule" to claims other than fraud. See 2 C. Corman, Limitation of Actions §§11.1.2.1, 11.1.2.3, pp. 136-142, and nn.6-13, 18-23 (1991 and 1993 Supp.)(hereinafter Corman)(collecting cases); see, <u>e.g.</u>, <u>United States v. Kubrick</u>, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Legislatures have codified the discovery rule in various contexts. 2 Corman §11.2, at 170-171, and nn. 1-9 (collecting statutes); see, <u>e.g.</u>, 28 U.S.C. §2409a(g)(actions to quiet title against the United States). In doing so, legislators have written the word "discovery" directly into the statute. And when they have done so, state and federal courts have typically interpreted the word to refer not only to actual discovery, but also to the hypothetical discovery of facts a reasonably diligent plaintiff would know. See, <u>e.g.</u>, <u>Tregenza v. Great American Communications Co.</u>, 12 F.3d 717, 721-722 (C.A.7 1993).
>
> Thus, treatise writers now describe "the discovery rule" as allowing a claim "to accrue when the litigant first knows <u>or with due diligence should know</u> facts that will form the basis for an action." 2 Corman §11.1.1, at 134 (emphasis added); see also <u>ibid.</u>, n.1 (collecting cases); 37 Am. Jur.2d, Fraud and Deceit §347, p. 354 (2001 and Supp. 2009)(noting that the various formulations of "discovery" all provide that "in addition to actual knowledge of the fraud, once a reasonably diligent party is in a position that they should have sufficient knowledge or information to have actually discovered the fraud, they are charged with discovery"); <u>id.</u>, at 354-355, and nn.2-11 (collecting cases).

That of course is precisely the approach that this Court took in issuing the Opinion. <u>Merck</u> further buttresses the ruling made

there.

                               _____
                               Milton I. Shadur
                               Senior United States District Judge
Date:  May 13, 2010